IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| v. | ) |  |
|  | ) | 2:14-cr-205-2 |
| JAMES PERRIN, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM OPINION

**Mark R. Hornak, Chief United States District Judge**

### I. BACKGROUND

On April 14, 2015, a federal grand jury returned a Second Superseding Indictment with charges against Defendant James Perrin and his co-defendant, Price Montgomery. (ECF No. 153.) Among other things, the Second Superseding Indictment charged a Conspiracy to Distribute and Possess with Intent to Distribute One Kilogram or More of a Mixture Containing a Detectible Amount of Heroin from April 2013 to June 2014 in violation of 21 U.S.C. § 846 at Count One, and Possession with Intent to Distribute One Kilogram or More of a Mixture Containing a Detectible Amount of Heroin, in violation of 21 U.S.C. § 841, on or about June 8, 2014, at Count Two. (ECF No. 153.)

On October 30, 2018, the case went to a jury trial. When the Government's case-in-chief concluded, Defendant Perrin's counsel made a timely oral Rule 29(a) motion for a judgment of acquittal as to all counts pending against him. The Court denied the motion. On November 13, 2018, the jury returned a verdict of guilty as to all Counts. The Court discharged the jury shortly thereafter on the same day.

On February 19, 2019, the United States Probation Office filed the Presentence Investigation Report ("PSR") in this matter. (ECF No. 636.)

1

On April 18, 2019, Defendant filed a Motion for a New Trial Based on the *Rowe* Opinion ("Motion") (ECF No. 658.) On the same day, Defendant filed an objection to the PSR (ECF No. 659 (objecting to mandatory penalties and the guideline calculation for the drug-related counts).) Defendant filed an accompanying brief on May 2, 2019. (ECF No. 675.)

In his Motion and objection to the PSR, Defendant reasons that the Third Circuit's recent opinion in *United States v. Rowe*, 919 F.3d 752 (3d Cir. 2019) established new precedent regarding his convictions at Counts 1 and 2, eliminated the substantial mandatory minimum sentence applicable in his case, and required that his Guidelines calculation be reduced. Based on *Rowe*, he requests a new trial.

The United States filed a response to the Motion. (ECF No. 718.) This matter is ripe for disposition.

## II. DISCUSSION

Defendant argues that he is entitled to a new trial on the grounds that the Third Circuit's recent opinion in *Rowe* clarified that the Government is not permitted to aggregate weights to prove a defendant guilty of possession with intent to distribute. Because Defendant's Motion for a New Trial is untimely, and because *Rowe* does not call into question any aspect of his conviction at Counts 1 and 2, his Motion will be denied.

### A. Timeliness

Federal Rule of Criminal Procedure 33 governs the time period for filing a request for a new trial. Fed. R. Crim. P. 33. Under Rule 33(b), a defendant must file a motion for a new trial on any grounds other than newly discovered evidence within fourteen (14) days of a guilty verdict. *See id.* 33(b). If the defendant fails to file a motion within that timeframe, a district court may only consider the motion if the untimeliness was due to "excusable neglect." *Id.*

2

45(b)(1)(B); *see United States v. Campa*, 459 F.3d 1121, 1154 (11th Cir. 2006) (en banc) ("A court may not consider motions for a new trial based on any other argument than newly discovered evidence outside the [fourteen-day] period.").

The Government argues that Defendant's Motion, which was filed over five months after the guilty verdict in his case, is untimely and therefore cannot be considered by this Court. Defendant does not address the timeliness issue in his briefing.

To begin, Defendant's Motion does not rely on newly discovered evidence. And "a change in the law does not constitute newly discovered evidence for purposes of Rule 33." *United States v. King*, 735 F.3d 1098, 1008 (9th Cir. 2013). The fourteen-day filing period therefore applies to Defendant's Motion.

Rule 33(b)(2)'s time limit is not jurisdictional. *See Eberhart v. United States*, 546 U.S. 12, 13, 19 (2005) ("[I]t is difficult to escape the conclusion that Rule 33 motions are . . . nonjurisdictional."). Rather, Rule 33(b)(2) is a claims-processing rule that can be forfeited if not properly raised by the Government. *See id.* The Supreme Court in *Eberhart* instructed that "when the Government objected to a filing [as] untimely under [a claims processing rule], the court's duty to dismiss . . . was mandatory." 546 U.S. at 18. Therefore, if the Government chooses to assert its right to invoke Rule 33(b)(2)'s timeliness requirement, this Court must enforce the Rule and deny the Motion. *See id.* at 19 ("Rule 33, like Rule 29 and Bankruptcy Rule 4004, is a claim-processing rule—one that is admittedly inflexible because of Rule 45(b)'s insistent demand for a definite end to proceedings.").

As the Government points out, when the Supreme Court decided *Eberhart*, Rule 33's time frame was even more harsh, providing only seven (7) days to file post-verdict motions. Moreover, Rule 45(b)(2) at the time prohibited district courts from granting extensions of time

3

for Rule 33 filings. In 2005, however, Rule 33(b)(2) was amended to extend the time frame to fourteen days and to eliminate the requirement for the trial court to rule on such a motion within the filing period. At the same time, Rule 45(b)(2) was amended to remove the prohibition on extension of time granted *within* the filing period.

The 2005 post-*Eberhart* amendments did not, however, disturb the Supreme Court's characterization of Rule 33 as a claims-processing rule which assures relief to a party that properly invokes it. Nor has Defendant presented any authority suggesting that this Court may entertain untimely Rule 33 motions based on a change in precedent rather than newly discovered evidence. He also has not presented any explanation that could permit the Court to find excusable neglect. Therefore, because the Motion was filed well beyond the fourteen-day period, and Defendant has advanced no reason why the Court can properly consider it, this Court must deny it.

## B. Relevance of the Third Circuit's Opinion in *Rowe*

Defendant argues that the Government's evidence was insufficient to prove Counts 1 and 2, because no evidence was presented at trial that Perrin was ever in possession of the heroin at his co-defendant Montgomery's home that totaled more than one (1) kilogram.

Even if the Court were to consider the merits of Defendant's claim (which it could, because the Supreme Court has said Rule 33 is non-jurisdictional), *Rowe* did not establish new precedent or affect the sufficiency of the evidence the Government presented at trial.

Unlike Defendant's case, *Rowe* did not involve a conspiracy charge. *United States v. Rowe*, 919 F.3d 752 (3d Cir. 2019). In that case, defendant Rowe was charged with one count of distribution and possession with intent to distribute 1,000 grams of heroin during an approximately four-month time frame. The jury convicted Rowe of that charge based on

4

evidence of several drug transactions and instances of possession. *See id.* at 756 ("The Government's theory throughout the trial was that because Rowe distributed or possessed with intent to distribute a total of 1000 grams or more of heroin during the indictment period, a 1000-gram verdict was justified." *Id.* The Third Circuit concluded that the Government's evidence was insufficient to meet 21 U.S.C § 841's quantity threshold because separate distributions during the indictment period cannot be aggregated to meet the threshold. *Id.* at 760. The Court determined that although possession with intent to distribute is a continuing offense, for quantity purposes, the offense begins when the defendant possesses *the entire quantity*, and ends when possession of the entire quantity ends or when the quantity possessed is reduced to less than the threshold. *Id.*

*Rowe* did not affect the long-standing principle that conspiracy is a single unified offense. *See United States v. Kendrick*, No. 17-143-4, 2019 WL 2248631, at *2 (W.D. Pa. May 17, 2019), *appeal pending* (3d Cir. No. 19-2282). It did not involve a conspiracy conviction. In drug conspiracy cases,

> *Apprendi* requires the jury to find only the drug type and quantity element as to the conspiracy as a whole, and not the drug type and quantity attributable to each co-conspirator. The finding of drug quantity for purposes of determining the statutory maximum is, in other words, to be an offense-specific, not a defendant-specific, determination. The jury must find, beyond a reasonable doubt, the existence of a conspiracy, the defendant's involvement in it, and the requisite drug type and quantity involved in the conspiracy as a whole.

*United States v. Phillips*, 349 F.3d 138 142–43 (3d Cir. 2003), *vacated and remanded on other grounds sub nom. Barbour v. United States*, 543 U.S. 1102 (2005). Because the drug quantity for conspiracy is an offense-specific determination of the quantity involved in the entire conspiracy, those drugs need not be possessed by any one conspirator at one specific time.

Defendant was convicted at Count One of a conspiracy to violate 21 U.S.C. § 841.

Section 841(a) prohibits distributing or possessing with the intent to distribute controlled substances. The statute sets forth a structure subjecting an individual to a mandatory minimum penalty of imprisonment if that person's violation of § 841(a) involves a threshold quantity of a controlled substance. 21 U.S.C. § 841(b). The Government may meet its burden regarding the threshold weight by proving beyond a reasonable doubt that the weight of the mixture or substance containing the controlled substance at issue was above the threshold weight. *See, e.g.*, Third Circuit Model Criminal Jury Instruction ("Model Jury Instruction") 6.21.841C. The Government does not have to prove that the defendant *knew* that the quantity exceeded the threshold weight. *Id.* 6.21.841-4. Section 846 prohibits conspiring to violate § 841(a) and states that anyone conspiring to do so "shall be subject to the same penalties as those prescribed for the offense." 21 U.S.C. § 846. Therefore, a participant in a conspiracy whose object is to violate § 841(a) (i.e., conspiring to distribute or possess with the intent to distribute controlled substances) is subject to § 841(b)'s mandatory minima if the "violation of" § 846 "involved" a threshold quantity set forth in § 841(b).

Multiple transactions may be aggregated to determine drug quantity for a drug conspiracy, even though substantive violations of § 841(a) (i.e., actually distributing or possessing with intent to distribute controlled substances) are separate offenses which cannot be aggregated to establish a threshold drug quantity set forth in § 841(b). *See United States v. Gori*, 324 F.3d 234, 237 (3d Cir. 2003); *United States v. Pressley*, 469 F.3d 63, 65–66 (2d Cir. 2006) (rejecting argument that sentencing court could not aggregate sales from the entire course of the conspiracy "[b]ecause a conspiracy is a single, unified offense, [and] it constitutes 'a violation' for the purposes of § 841(b)").

Thus, *Rowe* clarified that the continuing offense of possession of a threshold quantity of a

controlled substance begins when the defendant actually possesses the threshold quantity and ends when the quantity falls below the threshold. *Rowe*, 919 F.3d at 970. *Rowe* did not alter the *mens rea* required to prove the continuing offense of possession with intent to distribute. Under *Rowe*, the Government may still meet its burden by establishing that the threshold quantity was possessed, not that the defendant *knew* the weight was a certain figure. Nor did *Rowe* change conspiracy law. *Cf. United States v. Gori*, 324 F.3d 234, 237 (3d Cir. 2003) (stating that the rules "disallowing aggregation of multiple drug transactions for § 841(b) purposes did not extend to multiple drug transactions as part of a conspiracy").

*Rowe* also had no impact on the doctrine of constructive possession and joint possession. In fact, *Rowe* acknowledged that the Government may prove possession with intent to distribute by proving a defendant had either actual or constructive possession over a controlled substance. *Rowe*, 919 F.3d at 760.

At trial, the Government presented evidence establishing that on June 7, 2014, law enforcement observed Defendant and his co-defendant Montgomery carry a brown backpack into a business in New Jersey where officers believed the two were meeting with their heroin supplier. Early the next morning, on June 8, 2014, the two returned to Pittsburgh. When they arrived at Montgomery's residence, officers observed Montgomery carry a brown backpack from Montgomery's vehicle into the home, and Defendant Perrin was observed carrying a suitcase from the vehicle (cradling it in his arms, rather than rolling it), into the residence. Within hours, officers observed the two exit the residence and return to the vehicle with Montgomery again carrying a brown backpack. A traffic stop revealed that the brown backpack was on the passenger-side floorboard, where Defendant Perrin was sitting, and the backpack contained 125 bricks of heroin.

7

Defendant argues that possessing with intent to distribute the 200 grams of heroin found in Perrin's brown backpack is a distinct specific transaction from possessing with intent to distribute the over one kilogram of heroin found in Montgomery's home, and therefore the Government improperly invited the jury to aggregate the heroin in the vehicle and the heroin in the home. This argument, however, elides the fundamentals of conspiracy and possession law. The Government established at trial that Defendant Perrin jointly possessed heroin recovered from the vehicle and from the residence during a discrete timeframe, and that during the timeframe of the alleged conspiracy, Defendant Perrin was in a heroin distribution conspiracy with his co-Defendant Montgomery. The amount of heroin seized from the vehicle and the residence exceeded one kilogram; in fact, the quantity seized from the residence alone exceeded one kilogram. There was sufficient evidence from which the jury could conclude that Defendant Perrin was guilty of Counts 1 (conspiracy) and 2 (possession with intent to distribute). The jury was properly instructed on the principles of conspiracy and the definition of possession, which includes actual, constructive, sole, or joint possession. (ECF No. 550, ¶¶ 80–126.) The Court also instructed the jury that "mere proximity to a controlled substance, or mere presence on the property where it is located, or mere association with the person who does control the controlled substance or the property is not enough to support a finding of possession." (*Id.* ¶ 119.)

Thus, even if the Court were to consider Defendant's untimely Motion on the merits, it would still be denied because *Rowe* did not affect the sufficiency of the Government's evidence or establish new precedent affecting Defendant's conviction at Counts 1 and 2.

### C. Objection to PSR

Defendant also objects to the PSR, arguing that under *Rowe*, the amount of heroin attributable to Perrin is only the amount recovered from the backpack (150 grams). (ECF No.

659.) He reasons that the calculation of the base offense level in PSR ¶ 26 is incorrect because it is based on a total quantity of 1.7991 kilograms of heroin attributable to him. He further argues that he would not be subject to the minimum term of imprisonment of 25 years as stated in PSR ¶ 75. The Government did not file any objections to the PSR.

Defendant's reasoning, which is based on his incorrect understanding of *Rowe* as outlined above, is not well taken. The Government introduced sufficient evidence that Defendant was in a conspiracy to possess with intent to distribute, and did possess with intent to distribute, 1.7991 kilograms of heroin. For the reasons outlined above, *Rowe* does not affect the sufficiency of the Government's evidence, or provide a basis to alter the PSR. The Court will deny the objection.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion for a New Trial, ECF No. 658, will be denied. Defendant's Objection to Pre-Sentence Report, ECF No. 659, will be denied. An appropriate Order will follow.

Mark R. Hornak
Chief United States District Judge

Dated: August 23, 2019

cc: All counsel of record